KATHERINE I. HARTLEY (Bar No.11837)
**PACIFIC JUSTICE INSTITUTE**
P.O. BOX 2131
COEUR D'ALENE, IDAHO 83816
P: 858-945-6924
khartley@pji.org

*Attorney for Plaintiff, Keith Markley*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

(Northern Division)

| | |
|---|---|
| KEITH MARKLEY, <br><br> Plaintiff, <br><br> v. <br><br> SALMON RIVER JOINT SCHOOL DISTRICT, an Idaho public school district; TRISH SIMONSON, individually and in her official capacity as Superintendent of the Salmon River Joint School District; <br><br> Defendants. | Case No.: <br><br> **VERIFIED COMPLAINT** <br> **[42 U.S.C. § 1983]** <br><br> [Demand for Jury Trial] |

Plaintiff Keith Markley (hereafter "Plaintiff" or "Mr. Markley"), by and through his undersigned counsel, alleges as follows:

## OVERVIEW

1. This is an action for declaratory, equitable, and monetary relief against an Idaho school district. It is brought under 42 U.S.C. § 1983 and the United States Constitution.

2. In response to Mr. Markley's Letter to the Editor which was published by a local news outlet and addressed an issue of great public concern, Defendants Salmon River Joint School District (hereafter "the District") and Superintendent Trish Simonson (hereafter "Simonson") fired him.

1

3.      Mr. Markley wrote this Letter to the Editor after-hours on his private time, as a private concerned citizen and parent, and it was selected for publishing in a privately owned publication.  Mr. Markley did not identify his employer, job function, job title, job duties, or the fact or nature of his employment anywhere in the Letter to the Editor.

4.      The Letter to the Editor addressed hotly contested issues of public concern, including sexually explicit and/or otherwise harmful materials available to minors in the school library.

5.      Mr. Markley attempted to address this issue with the school board and met with the board to make suggestions for a new library materials policy for the District.  This was done as a parent and private citizen within the District, not in any capacity related to his employment.

6.      Mr. Markley brings this suit to protect his constitutional rights.

7.      Mr. Markley now sues under 42 U.S.C. § 1983 for the District's deprivation under color of State law of Mr. Markley's rights secured by the U.S. Constitution. Mr. Markley respectfully asks the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

**PARTIES**

8.      At all times relevant herein, Mr. Markley was a U.S. citizen and resident of the United States and Adams County, Idaho. Mr. Markley currently resides in Adams County, Idaho. At all times relevant herein, Mr. Markley was a bus driver for the Salmon River Joint School District.

9.      Defendant Salmon River Joint School District is an Idaho school district in Idaho county, which is declared to be a body corporate and politic, and in its corporate capacity may sue and be sued and may acquire, hold and convey real and personal property (Idaho Code § 33-301).

10. The District is primarily locally funded and locally controlled by elected school board members who represent the individual community where the District is located.

11. Defendant Simonson is an individual. Upon information and belief, Simonson resides in Idaho County, Idaho.

12. Simonson is the Superintendent of the District and initiated the termination of Mr. Markley's employment.

13. This action is brought against Simonson in both her official and individual capacities.

## JURISDICTION AND VENUE

14. The District is located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the District.

15. Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

16. This Court has federal question jurisdiction over Mr. Markley's claims under 28 U.S.C. §§ 1331, 1343(a)(3).

17. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. § § 2201 and 2202.

18. This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

19. This Court has the authority to award attorneys' fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

20. From November 28, 2022 through February 6, 2023, Mr. Markley worked as a bus driver for the District.

21. Mr. Markley never received any negative performance reviews during his time as a bus driver for the District. He safely and effectively performed his job.

22. Mr. Markley was not in a policymaking position.

23. As a bus driver, Mr. Markley's immediate supervisor was Charlie Shepherd.

24. Mr. Markley did not have a close working relationship with the Superintendent or members of the school board.

25. Mr. Markley's position was not one in which personal loyalty to the Superintendent and members of the school board were essential to his proper functioning as a bus driver.

26. In November of 2022, Mr. Markley became concerned about some of the library materials held within the District.

27. Mr. Markley placed a sign on his own property to express his opinions regarding the problems he believed were present in the District's library materials policy.

28. On December 15, 2022 Simonson asked Mr. Markley to remove this sign. Mr. Markley complied.

29. Even though Mr. Markley did not believe Simonson was properly directing him to remove the sign, he believed that he might face retaliatory action from the District or Simonson if he did not do so.

30. In a continued effort to help rectify the library materials problem, on January 10, 2023, Mr. Markley met with Simonson and a member of the school board, Eric Hook, to discuss possible changes to the District's library materials policy. His intent was to both work collaboratively with the District and make the public aware of the problem.

31. Mr. Markley wrote a Letter to the Editor, which was chosen for publication in the Idaho County Free Press on February 1, 2023. He wrote it as a private citizen on his private time regarding matters of great public concern.

32. A true, correct, and complete copy of the Letter to the Editor accompanies this Complaint and is fully incorporated herein as **Exhibit A**.

33. Mr. Markley was not paid to write the Letter to the Editor.

34. In his Letter to the Editor, Mr. Markley expressed his personal opposition to exposing children to the sexually explicit or otherwise harmful materials found in public and school libraries.

35. Mr. Markley emphasized the importance of safeguarding children in the District from these types of materials and how he hoped to work collaboratively with the District on this problem.   In fact, he commended the District for taking steps in a positive direction when issues were brought to their attention.

36. Mr. Markley's Letter to the Editor included several statements of opinion that reflect differences between Mr. Markley and the school administration as to the preferable manner of operating District schools.

37. The factual statements in Mr. Markley's Letter to the Editor were, at a minimum, substantially true.

38. Mr. Markley's Letter to the Editor contained no statements that were knowingly false or reckless.

39. The topic of sexually explicit materials and otherwise harmful materials available to children in libraries has been, and continues to be, a topic of great public concern in our society and most importantly, in the state of Idaho.

40. School boards and library boards all over the state have been approached by countless concerned parents and community members about the potential exposure children have to sexually explicit materials.

41. In fact, it has been such a pervasive concern, the Idaho state legislature is contemplating a bill to address this problem. Further, the United States Congress is also considering a resolution to address this issue.

42. Mr. Markley wrote the Letter to the Editor on his own time (not during work hours) and as a private citizen.

43. On February 9, 2023, Mr. Markley met with Simonson. He was fired because she did not like the content of his Letter to the Editor (attached as **Exhibit B)**.

44. On information and belief, the school board ratified Simonson's decision to fire Mr. Markley.

45. Since his termination, Mr. Markley has suffered financial loss from his loss of employment with the District, as well as reputational harm the Defendants have caused him.

## FIRST CLAIM FOR RELIEF
### (Violation of Mr. Markley's Free Speech Rights in Violation of 42 U.S.C. § 1983 Against Defendants)

46. Mr. Markley refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

47. The District acted under color of state law when it took the adverse employment action against Mr. Markley.

48. The First Amendment provides: "Congress shall make no law…abridging the freedom of speech…" U.S. Const. Amend. I.

49. For more than 80 years, the First Amendment has been interpreted by the Supreme Court to apply to the states and their political subdivisions via the Fourteenth Amendment.

50. Under the First Amendment, the District could not punish Mr. Markley for exercising his First Amendment rights. The fact that Mr. Markley was a public employee does not change this.

6

51. The public interest in having free and unhindered debate on matters of public importance is a core value of the First Amendment.

52. Mr. Markley was fired for writing his Letter to the Editor – which he submitted and was chosen for publication in the Idaho County Free Press. He shared thoughts on a topic of great public concern, including his objections to library materials that expose minors to sexually explicit content, which can lead to harmful consequences.

53. Writing the Letter to the Editor was not within the scope of Mr. Markley's official duties as a bus driver. He wrote the Letter to the Editor after work hours, and not at his workplace; did not identify himself as a District employee; and did not direct the Letter to the Editor to his superiors or to any co-workers.

54. Mr. Markley's speech, as an expression of public issues, rests on the highest rung of the hierarchy of First Amendment values. Thus, his interest in speaking was substantial.

55. Mr. Markley was not engaged in any harassing or discriminatory behavior and in fact was actively and amicably working with the school board and superintendent on the issue discussed in the Letter to the Editor.

56. Mr. Markley continued to perform his job duties without difficulty or disruption.

57. Furthermore, his comments did not directly inhibit his own job. He drove a bus. He was not a contact person for the District. His speech was not directed at a superior to which he owed personal loyalty and confidence.

58. No reasonable person could mistake Mr. Markley's speech for the District's speech. There is no reason to conclude that Mr. Markley's speech contradicted or somehow directly inhibited his own job.

59. The letter from Simonson expressed concern about the morale of District staff in response to the Letter to the Editor**.** However, a Superintendent's concern about staff morale

cannot justify the District's actions.

60. Further, no evidence was proffered to show any employee's job duties were disrupted or that the Letter to the Editor somehow prevented normal functioning in the District.

61. For the reasons above, the District cannot satisfy its burden of proving that its efficiency interest outweighed Mr. Markley's free speech interest in writing his Letter to the Editor.

62. Firing Mr. Markley was an adverse employment action. Importantly, it would deter any reasonable person from continuing to exercise his or her right to free speech.

63. The threat of dismissal from public employment is a potent means of inhibiting speech.

64. The Letter to the Editor was a substantial or motivating factor for the termination of Mr. Markley.

65. The District would not have fired Mr. Markley but for the Letter to the Editor.

66. Since at least 1968, it has been clearly established by the United States Supreme Court that public employees may not be terminated for expressing their opinions on matters of public concern.

67. More specifically, public employees of school districts may not be terminated for writing letters to the editor expressing their opinions about the decisions of a school district, except in very narrow circumstances. None of the narrow exceptions to public employee speech rights, as articulated in *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968), and its progeny, apply to Plaintiff.

68. Based on the long-established precedent of the United States Supreme Court, a reasonable school district superintendent at the time of the events in this case would have known that this

was improper and the perceived unpopularity of a personal or political view is not itself justification to prohibit protected expression.

69. Mr. Markley respectfully prays the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

Mr. Markley respectfully requests that this Court enter judgment against Defendants and provide him with the following relief:

ON ALL CAUSES OF ACTION:

70. A declaration that the District violated Mr. Markley's right to free speech when it fired him;

71. To grant Mr. Markley compensatory damages, including actual, consequential, and incidental financial losses. These shall include—but are not limited to—backpay, benefits (including, but not limited to, medical and pension benefits), and other compensation, plus prejudgment interest;

72. To grant Mr. Markley damages proximately caused by the pain, anguish, embarrassment, and humiliation resulting from the unconstitutional actions taken against him;

73. To grant Mr. Markley non-economic damages in an amount according to proof at trial;

74. To grant Mr. Markley nominal damages;

75. To grant Mr. Markley's counsel attorneys' fees and costs associated with bringing this action in accordance with the law;

76. To purge every reference to this entire incident—including the District's unconstitutional actions—from Mr. Markley's personnel file and employment record;

77. To reinstate Mr. Markley to his former position;

78. After Mr. Markley is reinstated, to permanently enjoin the District from taking any further adverse employment actions against him for his Letter to the Editor and for any other future exercise of his First Amendment rights to freedom of speech; and

79. To grant such other and further relief as the Court may deem proper.

## JURY TRIAL

Mr. Markley demands a trial by jury with respect to all claims so triable.

DATED this 17th day of March 2023.

Respectfully submitted,

/s/ Katherine Hartley
Katherine Hartley (Bar No. 11837)
**PACIFIC JUSTICE INSTITUTE**
P.O. Box 2131
Coeur d'Alene, ID 83816
Khartley@pji.org

*Counsel for Plaintiff, Keith Markley*

# VERIFICATION

I, Keith Markley, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 20th day of March 2023, in the County of Adams, Idaho.

_Keith Markley_
Keith Markley